IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Bid Protest

| | |
|---|---|
| HENSEL PHELPS CONSTRUCTION CO., )<br>)<br>Plaintiff,                        )<br>)<br>v.                                    )<br>)<br>UNITED STATES OF AMERICA,      )<br>)<br>Defendant.                         ) | No. _____<br><br>Judge _____ |

## BID PROTEST COMPLAINT

Plaintiff, Hensel Phelps Construction Co. ("HPCC"), through its undersigned counsel, files this Complaint against Defendant, the United States of America, acting by and through the United Stated Army Corps of Engineers, Mobile District ("USACE"). In support of this action, HPCC states and alleges as follows:

### I.  NATURE OF THE ACTION

1. In 2022, President Joseph Biden issued Executive Order ("EO") 14063 Use of Project Labor Agreements For Federal Construction Projects. The Executive Order required the use of project labor agreements ("PLAs") on all federal construction contracts in excess of $35 million.

2. Beginning in January 2024, the Federal Acquisition Regulation ("FAR") Subpart 22.5 Use of Project Labor Agreements for Federal Construction Projects implemented the requirements of EO 14063.

3. The required use of PLAs on all construction contracts over $35 million has effectively set aside every large federal construction contract for contractors that sign a PLA with

1

a labor union. Any otherwise qualified contractor that does not enter into a PLA is excluded from the competition without any statutory authorization.

4. What amounts to an unauthorized socioeconomic set-aside violates the full and open competition requirements of the Competition in Contracting Act, 41 U.S.C. §§ 3301 *et seq.*, and the FAR.

5. When USACE issued Solicitation No. W9127823R0115 ("Solicitation") protested in this action, the agency included a requirement that all offerors enter into a PLA with a labor organization before submitting an offer. Although USACE calls the submission of the PLA an evaluation factor, the submission of a PLA is rated either acceptable or unacceptable, and is not weighted as part of the best value trade off process that USACE intends to apply to the evaluation and award decision. The PLA requirement in the Solicitation is instead a prerequisite intended to restrict competition by excluding potential offerors that do not enter into PLA agreements before submitting a proposal.

6. USACE does not have any project-specific basis for requiring the execution and submission of a PLA. The PLA requirement here is applied to an entire class of potential offerors without consideration for USACE's specific needs or the basis for implementing the restrictive criterion.

7. HPCC protests the use of the PLA requirement as an illegal restriction on full and open competition. USACE's use of the PLA requirement is arbitrary, capricious, and an abuse of discretion.

## II.  JURISDICTION, STANDING, AND VENUE

8. HPCC delivered the pre-filing notice required by RCFC App. C, § II on July 12, 2024.

2

9. Because HPCC challenges the terms of the Solicitation before the time for proposal submissions, this Court has jurisdiction over this pre-award bid protest pursuant to the Tucker Act, 28 U.S.C. §1491(b).

10. HPCC has standing to protest terms of the Solicitation. HPCC is a prospective offeror in response to the Solicitation. HPCC regularly bids on, wins, and performs federal construction contracts in excess of $35 million. ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████ But for the PLA requirement HPCC would submit a proposal in response to the Solicitation.

11. Venue is proper in this Court under the Tucker Act, 28 U.S.C. § 1491.

### III. THE PARTIES

12. Plaintiff HPCC is a company with its headquarters in Greeley, Colorado that performs construction for the government and in the private sector.

13. Defendant is the United States of America, acting by and through the United States Army Corps of Engineers, Mobile District, which is an executive agency and department within the federal government.

### IV. FACTUAL BACKGROUND

**A. Statutory and Regulatory Background of the Project Labor Agreement Requirement**

14. On February 4, 2022, President Biden issued Executive Order 14063 Use of Project Labor Agreements For Federal Construction Projects. EO 14063 required the use of

3

PLAs on federal construction contracts in excess of $35 million, and directed the FAR Council to propose regulations to implement the requirements.

15.  On December 22, 2024, the FAR Council published a final rule implementing EO 14063. FAR Subpart 22.5 Use of Project Labor Agreements for Federal Construction Projects imposes the requirement to use PLAs on construction contracts in excess of $35 million as described in EO 14063. The final rule also created FAR 52.222-33 Notice of Requirement for Project Labor Agreement (JAN 2024) and FAR 52.222-34 Project Labor Agreement (JAN 2024).

16.  FAR Subpart 22.5 - Use of Project Labor Agreements for Federal Construction Projects sets out the implementation of the PLA requirement resulting from EO 14063.

17.  The Competition in Contracting Act, 41 U.S.C. §§ 3301 *et seq.*, ("CICA") requires federal agencies to "obtain full and open competition through the use of competitive procedures" to procure goods and services. 41 U.S.C. § 3301(a). That requirement is reflected in FAR 6.101(b), which states, "Contracting officers shall provide for full and open competition through use of the competitive procedure(s) contained in this subpart that are best suited to the circumstances of the contract action and consistent with the need to fulfill the Government's requirements efficiently."

18.  Under FAR 2.101 "[f]ull and open competition … means that all responsible sources are permitted to compete."

19.  CICA provides for certain limited exceptions to the requirement for full and open competition. The statutory exceptions include instances when:

   a) only one responsible source exists;

   b) the requirement is so urgent and compelling that the government would be seriously injured without the ability to restrict competition;

  c) the agency head determines restricted competition is necessary to establish, maintain, or protect certain narrowly-defined sources;

  d) the terms of an international agreement or treaty requires less than full and open competition;

  e) a statute expressly authorizes the use of a specified sourced or that the procurement be conducted through another executive agency; or

  f) the agency head determines that restricted competition is in the public interest and notifies congress of the determination.

41 U.S.C. § 3304(a); *see also* §§ 3303, 3305.

  20. Absent these specific exceptions, CICA makes clear that "except in the case of procurement procedures otherwise expressly authorized by statute, an executive agency in conducting a procurement for property or services shall obtain full and open competition through the use of competitive procedures in accordance with the requirements of this division and the Federal Acquisition Regulation … ." 41 U.S.C. § 3301(a).

  21. An agency may exclude a specific source from a procurement as described in ¶ 19 upon the issuance of a justification and approval ("J&A," called a determination and finding or D&F in the FAR), but the exclusion "may not be made for a class of purchases or contracts." 41 U.S.C. § 3303(a). FAR 6.202(b)(1) also states, "This D&F shall not be made on a class basis."

  22. FAR Subpart 6.2 Full and Open Competition After Exclusion of Sources identifies six instances when sources may be excluded on a class basis and for which no D&F is required:

  FAR 6.203 Set-asides for small business concerns;

  FAR 6.204 Section 8(a) competition;

  FAR 6.205 Set-asides for HUBZone small business concerns;

  FAR 6.206 Set-asides for service-disabled veteran-owned small business (SDVOSB) concerns eligible under the SDVOSB Program;

FAR 6.207 Set-asides for economically disadvantaged women-owned small business (EDWOSB) concerns or women-owned small business (WOSB) concerns eligible under the WOSB Program; and

FAR 6.208 Set-asides for local firms during a major disaster or emergency.

23. FAR 15.304 requires that "[t]he award decision is based on evaluation factors and significant subfactors that are tailored to the acquisition."

**B.     The Solicitation**

24. USACE issued Solicitation No. W9127823R0115 on May 30, 2024. The Solicitation requires the construction of a Consolidated Communications Facility at Patrick Space Force Base in Brevard County, Florida ("Project"). The Solicitation describes the facility as a "95,000 SF, three story space communications facility[.]" Ex. 1 at 35. USACE estimates the cost of construction to be from $25 million to $100 million. *Id.*

25. Proposals in response to the Solicitation are due no later than 2:00 PM ET on August 1, 2024. Ex. 2.

26. USACE issued the Solicitation under FAR Part 15 Contracting by Negotiation, without size restrictions. The Solicitation states that "[a]ny responsible, interested construction contractors may submit a proposal." Ex. 1 at 35.

27. USACE will select the awardee on a best value basis. All non-price evaluation factors when combined will be significantly more important than price. Ex. 1 at 57.

28. The Solicitation requires that each offeror submit an executed project labor agreement ("PLA") with its proposal. Section 3.4.4 of the Solicitation's proposal and submission instructions states:

> Project Labor Agreements (PLA). As required under FAR 22.504 and in accordance with FAR Provision 52.222-33, Notice of Project Labor Agreement, which is incorporated into this solicitation, offerors shall submit an executed project labor

6

> agreement (PLA) with their proposal that will govern employment relations on this contract if award is made to the offeror. Any PLA reached must comply with FAR 22.504 and applicable federal regulations. The government retains the right to review and provide comments which the offeror shall incorporate. Agreements do not change the terms of the contract or provide any price adjustment. The PLA will be evaluated under Factor 4 along with the rest of the technical proposal. PLA terms should be consistent with other contract documents and offeror technical submissions. Failure to submit an executed PLA shall constitute grounds for proposal rejection.

Ex. 1 at 38-39.

29. The Solicitation outlines the relative importance of each evaluation factor. PLAs have no relative importance and will be evaluated on an acceptable/unacceptable basis.

EVALUATION FACTORS AND ORDER OF RELATIVE IMPORTANCE

| Volume | Factor - Description | Relative Importance |
|---|---|---|
| Volume I | Administrative Requirements | Not Rated |
| Volume II | Factor 1 - Past Performance Information of the Prime Contractor | 1st in relative importance |
| Volume II | Factor 2 - Technical Approach | 2nd in relative importance; less important than Factor 1 |
| Volume II | Factor 3 - Small Business Approach | No relative importance, Acceptable/Unacceptable |
| Volume II | Factor 4 - Project Labor Agreement | No relative importance, Acceptable/Unacceptable |

Ex. 1 at 39, Section 4.1; 52, Section 3.1.

30. Section 4.5 of the Solicitation's proposal and submission instructions states:

> Volume II – Factor 4 – Project Labor Agreement (PLA). Per USACE Acquisition Instruction (UAI) Part 5122, the Offeror is required to submit a PLA. In accordance with FAR Provision 52.222-33, Notice of Project Labor Agreement, which is incorporated into this solicitation, all offerors are required to (1) negotiate or become party to a project labor agreement with one or more labor organizations for the term of the resulting construction contract, (2) require its subcontractors to become a party to the resulting project labor agreement, and (3) submit said project labor agreement with their offer. At a minimum, the PLA must:

7

>     i. Bind the Offeror and Subcontractors engaged in construction on the construction project to comply with the project labor agreement;
>
>     ii. Allow the Offeror and all Subcontractors to compete for contracts;
>
> and subcontracts without regard to whether they are otherwise parties to collective bargaining agreements;
>
>     iii. Contain guarantees against strikes, lockouts, and similar job disruptions;
>
>     iv. Set forth effective, prompt, and mutually binding procedures for resolving labor disputes arising during the term of the project labor agreement;
>
>     v. Provide other mechanisms for labor-management cooperation on matter of mutual interest and concern, including productivity, quality of work, safety, and health.

Ex. 1 at 42-43, Section 4.5.

    31.    USACE Acquisition Instruction Part 5122 does not consider whether the use of the PLA requirement is statutorily authorized and assumes that all construction contracts exceeding $35 million are subject to the requirement.

    32.    The Solicitation describes the evaluation criteria and methods for each evaluation factor, including for PLAs. Section 3.5 of the Solicitation's evaluation criteria details the evaluation criteria for a PLA:

> Volume II - Evaluation of Factor 4 – Project Labor Agreement. All Offerors will be evaluated for compliance with all statutes, regulations, Executive Orders, and agency/contract requirements. This factor will be evaluated on an "Acceptable" or "Unacceptable' basis. In order for an Offeror to be considered eligible for award, the PLA must receive an "Acceptable" rating. To receive an Acceptable rating for this factor, the PLA must address satisfactorily all five submission requirements listed in Section 00 11 00, Paragraph 4.5. This factor is not included within the tradeoff analysis discussed in Section 00 12 00, Paragraph 6.0, Basis for Award.

> \*\*\*
>
> To be acceptable, a submitted PLA must be fully compliant with the contract requirements. Factor 4 will be rated as Acceptable or Unacceptable using the descriptions as shown below.

Ex. 1 at 55.

33. The Solicitation incorporates FAR 52.222-33 Notice of Requirement for Project Labor Agreement (JAN 2024). Ex. 1 at 59.

34. The Solicitation incorporates FAR 52.222-34 Project Labor Agreement (JAN 2024). Ex. 1 at 82.

35. The Solicitation also identifies a PLA as a general contract requirement:

> Offerors shall submit a proposal subject to the Project Labor Agreement (PLA) requirement set forth in Section 00 11 00 of this solicitation. Any PLA reached pursuant to the PLA requirements in this solicitation does not change the terms of the contract or provide for any price adjustment by the Government.
>
> See FAR provision 52.222-33, Notice of Requirement for Project Labor Agreement, and clause 52.222-34, Project Labor Agreement, for definitions and requirements pertaining to the use of a PLA for this contract.

Ex. 1 at 191.

36. ████████████████████████████████████████████████████████████████████████████████████████████████████████ But for the PLA requirement HPCC would submit a proposal in response to the Solicitation.

37. USACE's use of the PLA requirement in the Solicitation seriously harms HPCC's competitive advantage by excluding HPCC from the competition because ████████████████ ██████████.

9

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

## V. CLAIMS FOR RELIEF

### COUNT ONE
### (Undue Restriction on Competition – The PLA Requirement Lacks Statutory Authorization)

38. HPCC realleges and incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.

39. The Solicitation's PLA requirement is not tailored to USACE's needs for this procurement.

40. The PLA requirement is not a permissible evaluation factor.

41. The PLA requirement is a non-evaluation prerequisite to receiving an award that operates as a class-based exclusion of otherwise qualified offerors.

42. Because the PLA requirement is not a valid evaluation factor, it is an exclusionary factor that restricts full and open competition. As such, it must be expressly authorized by statute.

43. Executive Order 14036 is not a statute.

44. FAR Subpart 22.5 is not a statute.

45. The PLA requirement in the Solicitation is not authorized by statute.

46. Because it lacks statutory authorization, the PLA requirement in the Solicitation is an impermissible restriction on full and open competition.

47. USACE's use of a PLA requirement is arbitrary, capricious, an abuse of discretion, and unlawful.

48. But for the use of a PLA requirement in the Solicitation, HPCC would submit a conforming proposal in response to the Solicitation.

10

## COUNT TWO
**(Undue Restriction on Competition – The PLA Requirement Is Unlawful Without a Justification and Authorization)**

49. HPCC realleges and incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.

50. CICA only allows a procuring agency to exclude specific sources from a procurement in a limited set of circumstances. 41 U.S.C. § 3303(a)(1). The Solicitation's PLA requirement does not fall under any of the exceptions identified in 41 U.S.C. §§ 3303-3305.

51. Any restriction on full and open competition not based on defined set-aside categories is permissible only upon the issuance of a J&A. 41 U.S.C. § 3304(e). The exclusion may not apply to an entire class of offerors. 41 U.S.C. § 3303(a); FAR 6.202(b)(1).

52. USACE has not prepared or published the requisite justification and authorization or determination and finding required by CICA and the FAR to permit a restriction on full and open competition for this procurement.

53. The PLA requirement constitutes an illegal restriction on full and open competition.

54. USACE's use of a PLA requirement is arbitrary, capricious, and an abuse of discretion.

55. But for the use of a PLA requirement in the Solicitation, HPCC would submit a conforming proposal in response to the Solicitation.

## COUNT THREE
**(Undue Restriction on Competition – The PLA Requirement Constitutes an Unauthorized Socioeconomic Set-Aside)**

56. HPCC realleges and incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.

11

57.     FAR Subpart 6.2 identifies six instances when sources may be excluded on the basis of socioeconomic status without written justification. The Solicitation's PLA requirement does not fall under any of those six socioeconomic programs.

58.     The PLA requirement constitutes an illegal restriction on full and open competition.

59.     USACE's use of a PLA requirement is arbitrary, capricious, an abuse of discretion, and unlawful.

60.     But for the use of a PLA requirement in the Solicitation, HPCC would submit a conforming proposal in response to the Solicitation.

## **PRAYER FOR RELIEF**

WHEREFORE, HPCC respectfully requests the Court to enter judgment in its favor and against Defendant and to:

a.     Declare that USACE's requirement that all offerors and the eventual awardee under this Solicitation enter into a PLA is an illegal restriction on full and open competition and is arbitrary, capricious, and an abuse of discretion;

b.     Enter a temporary restraining order and a preliminary injunction enjoining USACE from awarding a contract under Solicitation No. W9127823R0115 during the pendency of this protest;

c.     Permanently enjoin USACE from implementing, incorporating, or enforcing any requirement that an offeror or awardee enter into a PLA under Executive Order 14063, FAR Subpart 22.5, or USACE Acquisition Instruction Part 5122;

d.     Direct USACE to reissue the Solicitation in accordance with law and USACE's actual requirements;

  e.  Award HPCC its proposal preparation costs as well as its attorneys' fees and costs in pursuing this action; and

  f.  Grant such other relief as the Court deems appropriate.

Dated: July 15, 2024.

              Respectfully submitted,.

              SMITH, CURRIE & HANCOCK LLP

              /s/ Jacob W. Scott
              Jacob W. Scott, Esq.
              Allison G. Geewax, Esq.
              1921 Gallows Road, Suite 850
              Tysons, VA 22182
              Telephone: (703) 506-1990
              Facsimile: (703) 506-1140
              Email: jwscott@smithcurrie.com
              Email: aggeewax@smithcurrie.com

              *Counsel for Hensel Phelps Construction Co.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 15, 2024, a copy of the foregoing Bid Protest Complaint was served upon all parties via the Court's electronic case filing system.

_____
Jacob W. Scott